JOYCE CHEN (NY Reg. #4717245)
E-mail: Joyce.Chen@cfpb.gov
Phone: (202) 702-4226
1700 G Street, NW
Washington, D.C. 20552

*Attorney for Petitioner*
*Consumer Financial Protection Bureau*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>              Petitioner,<br><br>       v.<br><br>BLOCK, INC.,<br><br>              Respondent. | Case No. 3:22-mc-80214<br><br>**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMANDS** |

1.     On August 4, 2020, the Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (2020 CID) to Square, Inc., now known as Block, Inc. (Block). Over a year later, on August 6, 2021, Bureau issued a second CID to Block (2021 CID). Both of these CIDs were issued as part of an ongoing investigation to determine whether:

> financial technology companies or associated persons, in connection with deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds, or selling, providing, or issuing stored value or payment instruments, or providing payments or other financial data processing products or services, have: (1) deprived consumers of access to their funds or failed to adequately address customer concerns regarding fraud and errors in a manner that is unfair in violation of Sections 1031 and 1036 of the Consumer Financial Protection Act, 12 U.S.C. §§ 5531, 5536; or (2) failed to follow the requirements applicable to resolving errors and liability of

consumers for unauthorized transfers in a manner that violates Regulation E, 12 C.F.R. Part 1005, Subpart A, implementing the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., principally 12 C.F.R. §§ 1005.11 and 1005.6, or 12 C.F.R. §§ 1005.18 (d) and 1005.18(e).

2.      The 2020 CID, after modification, required the full production of answers to interrogatories, written reports, and documents (Requests), by October 14, 2020. The 2021 CID, after three modifications, required the production of all answers to interrogatories, written reports, and documents by February 14, 2021.

3.      Despite the Bureau's continued communications with Block's counsel to address claimed issues of burden over the past two years, as well as continued assurances from Block's counsel that production would be forthcoming, Block has produced less than 900 documents in response to both of these CIDs. In contrast, each third party who has received a CID in this investigation has produced thousands or even tens of thousands of documents without undue delay.

4.      The Bureau cannot sit back while its investigation is stymied by Block's slow-walking. To date, over one year since the CIDs were served, Block is unable to provide a definitive date by which it expects to respond to the Requests for which it has so far failed to respond entirely and to other Requests for which its responses are deficient.

5.      Thus the Bureau seeks to enforce the 2020 CID relating to Document Request Nos. 5 and 6, and the 2021 CID relating to Requests to which, after more than a year, Block has yet to respond: Interrogatory Nos. 24, 25, 27, and 29, and Document Request Nos. 13, 14, 15, and 18.[1]

---

[1] Although the Bureau is only seeking to enforce the CIDs with respect to certain Requests at this time, the Bureau reserves its rights to enforce the CIDs with respect to other Requests to which Block has provided deficient responses. At this time, the Bureau continues to work with Block to obtain complete responses to those Requests.

6.      In support thereof, the Bureau submits the accompanying Memorandum of Law and Declaration of Joyce Chen. In further support, the Bureau alleges:

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA. 12 U.S.C. § 5562(e)(1).

8.      Venue is proper because Block is found and transacts business at 1455 Market St., Suite 600, San Francisco, California, which is in this district. 12 U.S.C. § 5562(e)(1).

## INTRADISTRICT ASSIGNMENT

9.      Under the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, this action arises in the County of San Francisco because a substantial part of the events or omissions giving rise to the claims occurred there. See Civil L.R. 3-2(c). Accordingly, this action should be assigned to the San Francisco Division of this Court. See Civil L.R. 3-2(d).

## PARTIES

10.      The Bureau is an administrative agency of the United States. 12 U.S.C. § 5491(a).

11.      Block, a publicly traded Delaware corporation, describes itself in a December 1, 2021 press release announcing its name change as "a global technology company with a focus on financial services."[2] Block operates the Cash App payment system, which Block has described in 2021 10-K as "an ecosystem of financial services that allows individuals to store, send, receive, spend, and invest their money."[3] According to its 2021 10-K, filed with the Securities and Exchange Commission on February 24, 2022, Block had $17.7 billion in

[2] https://squareup.com/us/en/press/square-changes-name-to-block, accessed on August 17, 2022.
[3] Block, Inc., Form 10-K for Fiscal Year Ended 2021, filed with the Securities and Exchange Commission on February 24, 2022, Part I, Item 1.

revenue in 2021, $12.3 billion of which was generated by Cash App. Block also operates what it calls the "Square ecosystem," which is a retail payments platform used by businesses. In connection with both of these "ecosystems," Block moves an enormous amount of money through the consumer economy using technology.

**The CIDs**

12.     Section 1052(c) of the CFPA empowers the Bureau to issue a CID seeking "any information, relevant to a violation" of "Federal consumer financial law." 12 U.S.C. § 5562(c)(1). A CID issued by the Bureau may, among other things, require the recipient to respond to interrogatories, provide written reports, produce documents, and submit tangible things. *Id*.

13.     In the Ninth Circuit, "[t]he scope of the judicial inquiry in an … agency subpoena enforcement proceeding is quite narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) (citations omitted). *See also United States v. Morton Salt*, 338 U.S. 632, 652 (1950).

14.     As to authority to investigate, the CFPA broadly authorizes the Bureau to investigate violations of federal consumer-financial laws and to issue a CID to "any person" the Bureau "has reason to believe … may be in possession, custody, or control of … any information, relevant to a violation." 12 U.S.C. § 5562(c).

15.     The Bureau has authority to investigate Block. The Notification of Purpose on both CIDs to Block set forth the basis of the Bureau's investigation, which seeks to learn if financial technology companies, in the course of deposit-taking or transmitting or exchanging funds, or otherwise acting as a custodian of funds, or selling, providing, or issuing stored

value or payment instruments, or providing payments or other financial data processing products or services, have violated the CFPA, the Electronic Fund Transfer Act (EFTA), or its implementing rule, Regulation E.

16.     The Bureau has authority to enforce the CFPA, EFTA, and Regulation E. 12 U.S.C. § 5564(a); 12 U.S.C. §§ 5481(12)(C), (14). Block's activities, as described in the CIDs' Notification of Purpose, are also within the Bureau's scope of authority as consumer financial products or services. 12 U.S.C. § 5531(a), 12 U.S.C. §§ 5481(5), (15)(a)(iv), (vii).

17.     Because Block is engaged in offering or providing consumer financial products or services, Block is a covered person under the CFPA, and thus subject to the Bureau's authority. 12 U.S.C. § 5481(6)(a); 12 U.S.C. § 5536(a). But even if Block were not a covered person, it would be bound to respond to the CIDs; the Bureau's authority to issue CIDs is broader than its enforcement authority. 12 U.S.C. § 5562(c)(1).

18.     The Bureau also followed the required procedural steps to issue both CIDs. 12 U.S.C. § 5562(c), 12 C.F.R. pt. 1080. On August 4, 2020, a Deputy Assistant Director of the Office of Enforcement issued the 2020 CID. It was served on Block by certified mail. On August 6, 2021, a Deputy Assistant Director of the Office of Enforcement issued the 2021 CID. It was served on Block by email to Block's counsel, who was authorized to accept service on behalf of the Company.

19.     As required by the CFPA, 12 U.S.C. § 5562(c)(2), the 2020 CID and the 2021 CID both contained a Notification of Purpose apprising Block of the nature of the conduct under investigation and applicable provisions of law.

20.     The 2020 CID and the 2021 CID sought from Block materials relevant to the Bureau's investigation, including responses to interrogatories, written reports, and documents.

21.     On August 21, 2020, counsel for the Bureau and Block met and conferred about the 2020 CID in accordance with 12 C.F.R. § 1080.6(c).

22.     On August 25, 2021, Block submitted a letter to the Bureau counsel seeking to modify the 2020 CID.

23.     On August 31, 2020, the Bureau issued a letter modifying the CID to address the concerns raised in Block's August 25, 2020 letter. The Bureau extended the time to respond to Document Request Nos. 5 and 6 until September 23, 2020 and required full compliance with the CID by October 14, 2020.

24.     Block never filed a petition to modify or set aside the 2020 CID pursuant to the CFPA and the Bureau's investigative rules. 12 U.S.C. § 5562(f); 12 C.F.R. § 1080.6(e).

25.     But Block failed to produce documents responsive to Document Request Nos. 5 and 6, including documents specifically incorporated by reference in certain limited documents Block did produce.

26.     Block has therefore failed to fully comply with the 2020 CID duly served upon it.

27.     Counsel for the Bureau and Block met and conferred about the 2021 CID, in accordance with 12 C.F.R. § 1080.6(c), over the course of three meetings, on August 12, 19, and 20, 2021.

28.     On September 2, 2021, Block submitted a letter to the Bureau seeking modification of the 2021 CID. Block sought extensions of time for all but one of the Requests, which it sought to hold in abeyance. For 35 Requests, Block failed to propose actual production dates, but instead said they were "to be determined," or "TBD."

29.     Block never filed a petition with the Bureau to modify or set aside the 2021 CID pursuant to 12 U.S.C. § 5562(f); 12 C.F.R. § 1080.6(e).

30.     Following its receipt of Block's September 2, 2021 letter, Bureau counsel embarked on a series of meetings and exchanges of correspondence with Block's counsel over the course of months. Even though the Bureau continued to work with Block when it raised issues of burden well after the ten-day meet and confer period, Block continued to miss deadlines that it itself proposed as the dates for which it would "endeavor" or "hope" to produce responses to certain Requests. To date, numerous dates that Block "endeavored" or "hoped" to meet have come and gone, with no explanation from Block as to the reasons for its failures to produce.

31.     The Bureau modified the CID three times in response to Block's claims of burden by letter on September 16, 2021, October 22, 2021, and December 16, 2021, through which the Bureau provided extensions of time to produce materials in response to the 2021 CID and limited the Requests. As to the Requests relevant here:

     a.  The response to Interrogatory No. 27 addressing the period from January 1, 2020 until August 6, 2021 was due on September 30, 2021;

     b.  Responses to Interrogatory Nos. 24, 25, 29, and Document Request Nos. 15 and 18 (except for communications) were due on October 22, 2021;

     c.  Responses to Interrogatory No. 27 addressing the period from 2016 through 2019 and to Document Request Nos. 13, 14, and 18 (including communications) were due on November 5, 2021.

32.     Block was supposed to make full production in response to the 2021 CID by December 5, 2021, with the exception of certain data-related Requests, not at issue here, which were extended until February 14, 2022, based on the December 16, 2021 modification.

33.     Even one year after the 2021 CID was issued, Block has yet to produce any information in response to Interrogatory Nos. 24, 25, 27, and 29, and Document Request Nos. 13, 14, 15, and 18. Block has failed to fully comply with the 2021 CID duly issued to it.

34.     As demonstrated by the Declaration of Joyce Chen, the Requests at issue in this matter -- Interrogatory Nos. 24, 25, 27, and 29, and Document Request Nos. 5, 6, 13, 14, 15, and 18[4] -- are relevant and material to the Bureau's investigation.

35.     Because the Bureau has the authority to investigate Block and the matters at issue in the 2020 and 2021 CID, the Bureau followed the prescribed procedural requirements for both CIDs, and the evidence sought is relevant and material to the investigation, the Court should enforce the CIDs.

36.     Accordingly, the Bureau requests the relief set forth below.

WHEREFORE, the Bureau requests:

1.   An order directing Block to show cause why it should not be required to comply with 2020 CID relating to Document Request Nos. 5 and 6, and the 2021 CID relating to Interrogatory Nos. 24, 25, 27, and 29, and Document Request Nos. 13, 14, 15, and 18;

2.   An order directing Block to fully respond to Interrogatory Nos. 24, 25, 27, and 29, and Document Request Nos. 5, 6, 13, 14, 15, and 18 in the 2020 and 2021 CIDs; and

3.   Such other relief as this Court deems just and proper.

---

[4] The Requests in both the CIDs are sequentially numbered so that, for example, the first Document Request in the 2021 CID is Document Request No. 9.

Dated: August 18, 2022

Respectfully submitted,

ERIC HALPERIN
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

CYNTHIA LESSER
Assistant Deputy Enforcement Director

/s/ Joyce Chen_____
JOYCE CHEN (NY Reg. #4717245)
(Appearing per Local Rule 11-2)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Phone: (202) 702-4226
Email: joyce.chen@cfpb.gov

*Attorneys for Petitioner*
*Consumer Financial Protection Bureau*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2022, I caused a true and correct copy of the document

entitled Petition to Enforce Civil Investigative Demands to be served by e-mail on counsel

for Respondent Block, Inc., as follows:

>            Allyson Baker, Esq.
>            Paul Hastings LLP
>            2050 M Street NW
>            Washington, D.C. 20036
>            allysonbaker@paulhastings.com

>                                  /s/ Joyce Chen_____
>                                  JOYCE CHEN (NY Reg. #4717245)
>                                  (Appearing per Local Rule 11-2)
>                                  Consumer Financial Protection Bureau
>                                  1700 G Street, NW
>                                  Washington, DC 20552
>                                  Phone: (202) 702-4226
>                                  Email: joyce.chen@cfpb.gov
>
>                                  *Attorneys for Petitioner*
>                                  *Consumer Financial Protection Bureau*