# Exhibit B



1700 G Street, NW
Washington, DC 20552

August 31, 2020

<u>Via Email</u>

Allyson B. Baker, Esq.
Gerry S. Sachs, Esq.
Venable, LLP
600 Massachusetts Ave., NW
Washington, DC  20001
abbaker@venable.com

RE: <u>Civil Investigative Demand Served on Square, Inc. on August 4, 2020</u>

Dear Ms. Baker and Mr. Sachs:

This letter modifies the terms for compliance with the civil investigative demand (CID) issued to Square, Inc. (Square or the Company) by the Bureau of Consumer Financial Protection (Bureau), as permitted by 12 C.F.R. § 1080.6(d). This letter sets forth the only modifications to the CID. The Bureau's willingness to approve these modifications is based, in part, on Square's representations during the August 21, 2020 meet and confer and in its August 25, 2020 written request for modification of the CID, as described or referred to below. The production of information and documents in accordance with the modifications described below constitutes compliance with the CID.

## Modifications to Requests for Tangible Things

Square requested an extension of time to search for and provide the requested Tangible Things due to its office's closure and safety factors associated with the Covid-19 pandemic. Square also represented during the meet-and-confer that obtaining physical copies of older versions of the requested Tangible Things would be difficult due to the Covid-19 pandemic. Based on these representations, the Bureau will hold in abeyance the requirement that Square produce exemplars of the tangible items provided to consumers and will accept instead complete images of the responsive material, in the order in which a consumer would have viewed it.  However, the Bureau reserves the right to require production of all material responsive to this request upon notice.

## Modifications to Interrogatories

Square has requested modification of Interrogatory Nos. 10 and 11, stating that the Company "does not maintain much of the requested information that these Interrogatories seek," including "historical network traffic flows." Further, the Company asserts that "it will be immensely burdensome to collect and produce" information pertaining to the products and services listed in Interrogatory No. 1, and seeks to limit Interrogatory Nos. 10 and 11 to customer relationship management (CRM), email, call log, call recordings, or social media contact systems.

The Bureau modifies the introductory sentence of Interrogatory No. 10 as follows:

> "For all systems used by the Company (whether inhouse, hosted, or used by a vendor) pertaining to products and services listed in response to Interrogatory No. 1, provide systems diagram(s) relating to the following: consumer account and transaction information, consumer complaints, consumer requests for assistance or refunds, and any customer relationship management (CRM), email, call log, call recordings or social media contact systems."

The Bureau modifies the introductory sentence of Interrogatory No. 11 as follows:

> "For all databases, programs, platforms, services and applications (collectively, databases) used by the Company (whether in-house, hosted, or used by a vendor on the Company's behalf) pertaining to products and services listed in Interrogatory No. 1, identify all databases relating to consumer account and transaction information, consumer complaints, consumer requests for assistance or refunds, and any customer relationship management (CRM), email, call log, call recordings or social media contact systems."

## Modifications to Requests for Written Reports

With respect to Square's requests for clarification concerning Written Report No. 1, the Bureau clarifies that subsection (a) of the request seeks the total number of consumers with an open Cash App account as of May 31, 2020. Additionally, for subsection (d) of the request, the Bureau clarifies that "COVID-19 stimulus payments" mean Economic Impact Payments authorized pursuant to the CARES Act and issued by the Internal Revenue Service.

## Timing of the Production

The CID as issued required the Company to comply fully by August 26, 2020. The CID package was served on the Company in accordance with 12 U.S.C. § 5562(c)(8)(C) by certified mail to its principal place of business on August 4, 2020, and delivered on August 8, 2020. Nevertheless, Square has represented it did not become aware of the CID until August 12, 2020, because its office is closed on account of the Covid-19 pandemic. Square further states that it faces additional burdens, due to the volume, age and location of

information requested and the impediments created by the Company's response to the Covid-19 pandemic, in searching for and producing certain information and material for the period from January 1, 2016-December 31, 2017 (the historical period). Accordingly, the Bureau agrees to extend the time for the Company's compliance as follows:

| Production Date | Request Nos. |
|---|---|
| 9/2/2020 | Interrogatory Nos. 1, 2, 7, 8, 13, 15, and 16<br>Interrogatory Nos. 3 and 14, except historical period information<br>Document Request Nos. 1-3 |
| 9/23/2020 | Interrogatory Nos. 15 and 16<br>Interrogatory Nos. 4-6, 10 and 11, except historical period information<br>Interrogatory No. 9 – current version<br>Document Request Nos. 4-6, except historical period material<br>Request for Tangible Things No. 1 – current version |
| 10/14/2020 | Interrogatory Nos. 12, 15, and 16<br>Interrogatory Nos. 3, 4-6, 10, 11, and 14 historical period information<br>Interrogatory No. 9 – prior versions<br>Document Request Nos. 7 and 8<br>Document Request Nos. 4-6 historical period material<br>Request for Tangible Things No. 1 –prior versions<br>Written Report Request Nos. 1-5 |

Square must produce the responsive information sought by Interrogatory Nos. 15 and 16 with respect to the information and material included in each production above simultaneously with that production.

The Company must fully comply with the modified CID by October 14, 2020.

If the Company withholds information responsive to the CID based on privilege, it must produce a privilege log in accordance with the procedures set forth in the Rules Relating to Investigations § 1080.8 (Withholding Requested Material). *See* 12 C.F.R. § 1080.8. If required, a privilege log is due within five (5) business days of the Company's final production on October 14, 2020.

## Nature of the Modifications

To assist in construing any terms of this letter, the definitions set forth in the CID are incorporated by reference. This letter does not change the Company's responsibilities described in the Document Retention instruction in the CID. Further, nothing in this letter precludes the Bureau from issuing additional CIDs to or seeking discovery from the Company.

If you have any questions regarding the terms outlined above, contact Enforcement Attorney Tracy Hilmer at (202) 435-7459.

Sincerely,

David M Rubenstein
Digitally signed by David M Rubenstein
Date: 2020.08.31 18:03:35 -04'00'

David M. Rubenstein
Deputy Enforcement Director