# Exhibit E



1700 G Street NW, Washington, D.C. 20552

October 22, 2021

<u>Via Email</u>

Allyson Baker, Esq.
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036
allysonbaker@paulhastings.com

Meredith Boylan, Esq.
Erin Zacuto Cass, Esq.
Michael Marusak, Esq.
Venable LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
MLBoylan@Venable.com
EZCass@Venable.com
MMarusak@Venable.com

RE: <u>Civil Investigative Demand Served on Square, Inc. on August 6, 2021</u>

Dear Ms. Baker, Ms. Boylan, Ms. Cass, and Mr. Marusak:

This letter modifies the terms for compliance with the civil investigative demand (CID) served on August 6, 2021, to Square, Inc. (Square or the Company) by the Consumer Financial Protection Bureau (the Bureau), as permitted by 12 C.F.R. § 1080.6(d). The modifications set forth in this letter and the modification letter dated September 16, 2021 are the only modifications to the CID. The Bureau's willingness to approve this additional modification is based, in part, on the representations Square made at the meet and confer meeting held on August 19, 2021, in its letter dated September 2, 2021, and in its email dated October 13, 2021. The production of information and documents in accordance with the modification described below constitutes compliance with the CID.

**Document Request No. 13**

<u>Document Request No. 13:</u>  Square represented during the August 19, 2021 meet and confer and in its letter dated September 2, 2021 that this document request seeks a

voluminous amount of communications. Square proposed in its October 13, 2021 email to limit the request to particular custodians.

To relieve any unnecessary burden, the Bureau holds in abeyance two aspects of Square's obligation to respond to this request. First, the Bureau holds in abeyance Square's obligation to provide any external communications between Square and any entity that is *not* included in any of the following categories:

- Bank, payment processor, or card network (including without limitation Visa, Mastercard, Discover and American Express) with which Square has a contractual relationship, business arrangement, or other arrangement for the delivery or offering of any product, service, or feature associated with Cash App; or
- Any entity that facilitates actions that Square or its agents take:

    • To receive, assess, investigate, escalate, and resolve Consumer complaints, disputes, reports, and inquiries involving asserted errors, including but not limited to unauthorized transfers that do not relate to potential fraud or identity theft;
    • To receive, assess, investigate, escalate, and resolve Consumer complaints, disputes, and reports involving potential fraud or identity theft, including but not limited to account takeovers;
    • To receive, assess, investigate, escalate, and resolve Consumer complaints, disputes, and reports relating to a direct deposit, unemployment insurance deposit, tax refund, or stimulus check deposit, including but not limited to missing deposits;
    • To identify and act upon potential fraud or identity theft in any area, including but not limited to potential fraud or identity theft in direct deposit, unemployment insurance deposit, tax refund, or stimulus check deposit;
    • To suspend, block, or freeze a Consumer's access to a Cash App account or Cash Card;
    • To receive, assess, investigate, escalate, and resolve a Consumer's request to close or cancel a Cash App account or Cash Card that was created without the Consumer's authorization;
    • To notify or inform Consumers whose Cash Cards or Cash App accounts have been suspended, blocked, or frozen, or who are suspected victims of fraud (including a suspected account takeover), and to provide such Consumers information regarding the Company's action(s) in response;
    • To monitor chargebacks and issues relating to reversals of payments, including debit network push payments, related to Consumer allegations of fraud, identity theft, errors, and unauthorized transactions with regard to the payment(s); and
    • To receive, assess, investigate, escalate, and resolve questions related to limitation of liability, refunds, provisional credits, or permanent credits.

Second, the Bureau holds in abeyance Square's obligation to produce in response to Document Request No. 13 any communications that do not include as a recipient, sender, cc, or bcc, the following custodians:

- Nicole Grazioso
- Garth Peterson
- Dave Baldwin
- Kelly Lord
- Ayo Omojola
- Jim Esposito
- Chris Davis
- Chris Draper
- April Powell
- Emma Butler
- Matt Mccomb
- Melanie Cox
- Michael Hanks
- Sheryl Large
- Ryan Fechte
- Dustin Moring
- Brian Grassadonia
- Catherine Card

The Bureau reserves the right to require a complete response to Interrogatory No. 13 upon notice.

**Nature of the Modifications**

To assist in construing any terms of this letter, the definitions set forth in the CID are incorporated by reference. This letter does not change Square's responsibilities described in the Document Retention instruction in the CID. Further, nothing in this letter precludes the Bureau from issuing additional CIDs to or seeking discovery from Square.

If you have any questions regarding the terms outlined above, contact Enforcement Attorney Joyce Chen at (202) 702-4226 or joyce.chen@cfpb.gov.

Sincerely,

David M. Rubenstein

Digitally signed by David M. Rubenstein
Date: 2021.10.22 13:57:10 -04'00'

David M. Rubenstein
Deputy Enforcement Director