# Exhibit G



1700 G Street NW, Washington, D.C. 20552

July 11, 2022

Via Email

Allyson Baker, Esq.
Meredith Boylan, Esq.
Erin Zacuto Cass, Esq.
Michael Marusak, Esq.
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
erincass@paulhastings.com
michaelmarusak@paulhastings.com

RE: Deficiencies in production of Block, Inc. in response to Civil Investigative Demands served on August 4, 2020 and August 6, 2021

Dear Counsel:

The Bureau has identified significant deficiencies in Block, Inc.'s (Block) production in response to the civil investigative demands (CID) served on August 4, 2020 (first CID) and August 6, 2021 (second CID).[1] We have set forth some of these deficiencies below and request that Block resolve them by the dates indicated below. These deficiencies constitute failures to comply with the CIDs. Pursuant to 12 U.S.C. § 5562(e), the Bureau is authorized to enforce its CIDs in federal district court.

## Block has Provided No Responsive Information or Documents in Response to At Least 10 Requests

---

[1] The review of Block's responses to the CIDs continues, and the Bureau reserves the right to raise additional deficiencies as they are identified.

Block has failed to produce any information or documents whatsoever in response to Interrogatory Nos. 24, 25, 27, 29, and 30, Document Request Nos. 13, 14, 15, 16, and 18 in the second CID, despite the fact that nearly a year has elapsed since it was served on the Company.

At Block's behest,[2] the Bureau modified the deadlines for all but one of these requests, requiring production on various dates between September 2021 and November 2021.[3] Yet Block failed to produce any information or documents in response to the requests by the deadlines. After failing to meet the deadlines, Block represented in a January 2022 letter that it "hoped" or "expected" to produce responses to Interrogatory No. 24, and Request for Document Nos. 15 and 16 by the end of January 2022, and Interrogatory Nos. 27 and 29 by early February 2022, but to date, the Bureau has not received a single document or response to any of the aforementioned Interrogatories or Requests for Documents.

In its January 2022 letter, Block provided no expected dates by which it would comply with the other outstanding Requests. Block further communicated that it would have a better idea on production deadlines for four of the Requests after it had further conversation with the Bureau about search terms.[4] However, by that time in January,

---

[2] The Bureau modified its second CID to extend certain deadlines and otherwise address Block's assertions of burden three times: on September 16, 2021, October 22, 2021, and December 16, 2021.

[3] In response to Block's request for modification, the Bureau provided extended deadlines as follows: Interrogatory No. 24 (Oct. 22, 2021); Interrogatory No. 25 (Oct. 22, 2021); Interrogatory No. 27 (Sept. 30, 2021 for pre-2020 responses; Nov. 5, 2021 for as of 2020 responses); Interrogatory No. 29 (due with each production); Request for Document No. 13 (Nov. 5, 2021); Request for Document No. 14 (Nov. 5, 2021); Request for Document No. 15 (Oct. 22, 2021); Request for Document No. 16 (Nov. 5, 2021); and Request for Document No. 18 (Oct. 22, 2021 for documents that were not communications; Nov. 5, 2021 for communications).

[4] In its January letter, Block stated that it "expect[ed] that [its] conversation [with the Bureau] next week regarding search terms will inform the production schedule for Interrogatory No. 25 and Requests 13, 14, and 18." However, Block did not provide its expected production schedule for these Requests, and it proposed search terms only for Document Request Nos. 13 and 18.

Block had already had over five months to evaluate the CID and propose search terms.[5] Nonetheless, the Bureau worked with Block on developing search terms for Request Nos. 13 and 18; to date, more than five months from the Bureau's conversation with Block on search terms (and eleven months from the service of the CID), Block has not produced a single document in response to Request Nos. 13 and 18. In addition, although Block expressed that it expected to propose search terms for other Requests, the Bureau has not received any such proposals.

In February 2022, after Block missed its production deadline for several Written Reports, the Bureau again noted Block's delinquencies in producing both responses to Written Reports as well as to other Requests. The Bureau reminded Block that if any production cannot be made in a timely fashion, Block should explain the basis of its delay, the date when it expects to complete production, and whether and why certain subparts of a production cannot be produced on time.

But with the exception of limited communications around Request for Documents Nos. 13 and 18, Block has been entirely silent about these outstanding requests.

These deficiencies must be remedied by producing complete responses to each of these requests by August 11, 2022.

**Additional Deficient Responses**

In addition to Block's failure to respond at all to certain requests, the Bureau has identified deficient responses to certain requests in both the first and second CIDs, which are outlined further below.

### Deficient Responses to the First CID

Block's response to the first CID is deficient because it does not include all existing documents that are responsive to Request for Document Nos. 5 and 6, which generally request documents relating to policies and procedures. Namely, various documents that Block produced refer, by title, to other policy documents that would be responsive to Request for Document Nos. 5 and/or 6, but these documents do not appear to have been produced. For example, a document entitled "Disputes – Chargebacks & Payment Disputes," does not appear to have been produced, even though it was referred to within the documents, "Policies & Process – Knowledge Resources for CCO Support For P_P," at SQUARE_CFPBCID_002485 and "Policies & Process – Knowledge Resources for CCO

---

[5] Although Block discussed proposing search terms for Interrogatory No. 25 and Document Request No. 14 in its January 2022 letter, Block to date has not proposed any such search terms, and production for these requests remain outstanding.

Support For P_P – Updated" at SQUARE_CFPBCID_002490. As another example, the document at SQUARE_CFPBCID_001393 at 1395 provides a link to a document entitled "Stimulus workflow" and no such document has been produced. This document is described as a "step by step procedural document outlining how to handle missing Stimulus Payment JIRAs in bulk." Numerous such policy and procedure documents responsive to Request for Document Nos. 5 and/or 6 are referenced in Block's productions to the first and second CIDs, but do not appear to have been produced.

In addition, some policy documents that Block produced in response to Document Request Nos. 5 and 6 refer to the use of various macros as part of Block's policies in responding to consumers or handling issues identified in Document Request Nos. 5 and 6, but Block has not produced documents containing the content of these macros.

These deficiencies must be remedied by August 11, 2022.

### **Deficient Responses to the Second CID**

Block's responses to Interrogatory Nos. 17, 18, 21, 26, and 28 are deficient in numerous respects. Block failed to answer significant portions of each Interrogatory. Additionally, in some responses, it referenced documents to answer all or part of the Interrogatory, but the documents do not provide an adequate response. These must be remedied by August 25, 2022.  The deficiencies are outlined below:

- Interrogatory No. 17(a): The documents referenced do not address the "processes, systems, and procedures that Square has employed with respect to Cash App…to monitor, receive, assess, investigate, escalate, handle, and resolve Consumer complaints, disputes, reports, and inquiries" relating to unemployment insurance deposits or stimulus check deposits.

- Interrogatory No. 17(b): The documents referenced do not describe all processes, systems, and procedures that Square has employed with respect to Cash App "[t]o monitor, receive, assess, investigate, escalate, handle, and resolve suspected fraud relating to a direct deposit, unemployment insurance deposit, tax refund, or stimulus check deposit."

- Interrogatory No. 17(c): The documents referenced do not describe "all processes, systems, and procedures that Square has employed with respect to Cash App [t]o set up or create new Cash App and Cash Card accounts, including but not limited to authentication procedures to prevent the establishment of fraudulent accounts."

- Interrogatory No. 18: Interrogatory 18 seeks information about Block's business relationships with banks, payment processors, and card networks. Block references

documents in its response to certain subparts, but the documents referenced for subparts (d), (g), (h), and (i) did not provide the information sought.[6]

- Interrogatory No. 21: Interrogatory No. 21 requested that Block "Identify and describe the department(s), team(s), queue(s), or group(s) within the Company that primarily handle the activities described in Interrogatory Nos. 20(a) to (i)," but Block provided no response as to the activities described in Interrogatory Nos. 20(c) and 20(f) to (i), which seek information about which organizational teams or entities are responsible for: consumer complaints relating to direct deposits or other deposits; consumers' requests to close an account or notify about unauthorize accounts; informing consumers about cards or accounts that have been suspended, blocked, or frozen or about fraud; monitoring chargebacks or reversals; and receiving and addressing questions about limitation of liability, refunds, or provisional or permanent credits.

- Interrogatory No. 21 (last paragraph): Block did not provide any response at all to the last paragraph of Interrogatory No. 21: "For each activity described in Interrogatory Nos. 20(a) to (i), provide a chart depicting each department, team, group, subgroup, individual, or queue (collectively referred to herein as groups) who primarily handles the activity, as well as the order in which the activity is

---

[6] Interrogatory No. 18(d), (g), h), and (i) requests that Block:
"[i]dentify all banks, payment processors, card networks (including without limitation Visa, Mastercard, Discover and American Express) and any other entity with which Square has a contractual relationship, business arrangement, or other arrangement for the delivery or offering of any product, service, or feature associated with Cash App. Identify or describe the nature and scope of each business relationship and arrangement, including, without limitation:
d. The nature of any fee, charge or financial arrangement, including the amount of any consideration (including reimbursements) paid by each party to the other(s) in connection with the services, responsibilities, and obligations encompassed by the arrangement, the manner in which any such fees or charges are determined, and the manner in which any disputes between the parties concerning such fees or charges are resolved;
g. The total number, amount and reason for any such fees or charges, broken out by each month for each payee;
h. Each party's involvement, roles and responsibilities, and input in the development and/or implementation of the procedures, processes or systems identified in Interrogatory Nos. 17(a)-(d), if any, including but not limited to the procedures, processes, or systems relating to the declining of attempted reversals of Cash App, peer to peer, or Cash Card transactions; and
i. The specific duties, workflows, roles, and responsibilities of each party in conducting the activities described in Interrogatory Nos. 20(a) to (i). Include a breakdown of the duties, roles, and responsibilities of the Company and each party in communicating with Consumers concerning each of those activities.

handled. If the activity is escalated or otherwise transferred from one group to another, describe the circumstances under which the activity is escalated or transferred, which group receives it, and who makes the decision to escalate or transfer the activity."

- Interrogatory No. 26: Block's Interrogatory response provides no information in response to the question as to: subparts (i) to (v)[7] for each of the following five circumstances: Reg E errors, account takeovers, id theft, fraud, and unauthorized transfers.

- Interrogatory No. 28: Interrogatory 28 seeks information about periodic statements for each type of account offered by Cash App. Block referenced documents in its response and also provided a narrative response, but did not answer the portion of the interrogatory as to "how a Consumer is notified that the periodic statement is available."

To date, the Bureau has only received less than 11 months of data for Written Report Nos. 1 and 3. A complete response to those reports was due on February 14, 2022—i.e. nearly five months ago-- and should have included an additional 4 years and 8 months of data. The Bureau continues to try and work with Block regarding any burdens associated with production of Written Report Nos. 1, 2, and 3 and other data-related Interrogatory and Document Requests, but Block's production thus far is woefully inadequate.

    \* \* \* \* \* \* \* \* \* \* \* \*

The Bureau expects Block to produce responses to all the outstanding documents and information without further delay. In particular, Block must produce complete responses to Document Request Nos. 5 and 6 of the first CID, and Interrogatory Nos. 24, 25, 27, 29, and 30, and Document Request Nos. 13, 14, 15, 16, and 18 of the second CID by August 11,

---

[7] Interrogatory No. 26(i) to (v) requests:
"For each category identified in subparts (a) to (e) above, describe or identify:
i. Whether and under what circumstances an investigation is conducted, including but not limited to any time limits imposed on the Consumer to report or provide notice of the issue;
ii. If an investigation is conducted, the entities who conduct the investigation;
iii. If an investigation is conducted, the time frame by which Square or the entities identified in (ii) begin and complete such investigation;
iv. The department(s), team(s), or group(s), and the subgroups, teams, and/or queues within such departments, teams, and groups within the entity identified in subpart (ii) who conduct the investigation; and
v. The employee(s) who manages the department(s), team(s), group(s), subgroup(s), and/or queue(s) identified in subpart (iv)."

2022; and complete responses to Interrogatory Nos. 17, 18, 21, 26, and 28, and Written Report Nos. 1 and 3 of the second CID by August 25, 2022. If Block fails to comply, the Bureau may enforce the CID in federal court.

Please do not hesitate to reach out if you have any questions.

Sincerely,

*Joyce Chen*

Joyce Chen
Senior Litigation Counsel | Office of Enforcement
Office: (202) 435-9215 | Mobile: (202) 702-4226
Joyce.chen@cfpb.gov