JOYCE CHEN (NY Reg #4717245)
Tel.: (202) 702-4266 / Email: joyce.chen@cfpb.gov
SARAH BALDWIN (NY Reg #5414248)
Tel.: (202) 480-6912 / Email: sarah.baldwin@cfpb.gov
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Petitioner*
*Consumer Financial Protection Bureau*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Petitioner,<br><br>v.<br><br>BLOCK, INC.,<br><br>Respondent. | Case No.  22-mc-80214-SK<br><br>**PETITIONER'S LOCAL RULE 7-11 MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMANDS** |

Petitioner Consumer Financial Protection Bureau (Bureau) respectfully seeks leave to file a Reply brief and supporting declaration to address issues raised by Respondent Block, Inc.'s (Block) response (ECF No. 12), that the Bureau could not have addressed in its opening papers. Block has represented to the Bureau that it takes no position on this motion. *See* Declaration of Joyce Chen. The Bureau's motion should be granted for the following reasons.

First, the Bureau will demonstrate that Block, in its opposition, mischaracterizes the extent and sufficiency of its production. For example, although it claims to have "substantially" produced documents in response to certain requests, Block has failed to produce at least 400 responsive emails that were produced by third parties, at least some of

which illustrate problems with Block's handling of customer disputes—an issue at the heart of the Bureau's investigation. Where parties claim they have produced yet such productions are deficient, courts have enforced CIDs. *See, e.g.*, *CFPB v. Educational Credit Mgmt. Corp.*, 21-mc-00019 (SRN/DTS), 2022 WL 102275 (D. Minn. Jan. 11, 2022).

Second, Block misstates and misapplies the relevant law. Contrary to Block's suggestion, this proceeding, an administrative subpoena enforcement action, is not similar to a discovery dispute. *See, e.g.*, *EEOC v. Deer Valley Unified Sch. Dist.,* 968 F.2d 904, 906 (9th Cir. 1992) (holding that, where the investigatory subpoena power of an agency is based on specific statutory authority, the general discovery provisions of the Federal Rules of Civil Procedure do not apply). Moreover, Block, which failed to avail itself of administrative remedies to address burden or any other purported problems with the CIDs, is not entitled to have this Court consider such arguments, having "waited until proceedings in…federal court to raise a variety of objections to the investigative request." *See, e.g.*, *FTC v. XCast Labs, Inc.*, No. Misc. 21-1026 MWF (MRWx), 2021 WL 6297885, at *3 (C.D. Cal. Dec. 9, 2021). And even if Block's arguments of undue burden were properly before the Court, Block cites to no example of actual undue burden, but merely refers to confusing subparts and extensive requests, failing to provide any support or evidence for its conclusory allegations. "A subpoenaed party cannot merely point to an agency's 'extensive' requests," *FDIC v. Garner*, 126 F.3d 1138, 1145-46 (9th Cir. 1997), but must supply evidence establishing that compliance threatens to unduly disrupt or seriously hinder normal operations of a business. *See, e.g., CFPB v. Future Income Payments, LLC*, 252 F. Supp. 3d 961, 970 (C.D. Cal. 2017), *vacated on other grounds*, No. 8:17-CV-00303-JLS-SS, 2018 WL 7502720 (C.D. Cal. Dec. 18, 2018) (internal citations and quotations omitted).

Finally, the Bureau's Reply will explain why Block's feigned compliance cautions against providing Block more time to produce. Indeed, throughout the two years of the Bureau's investigation, the Bureau has provided Block more than ample opportunity to correct its deficiencies, yet Block has withheld key documents; professed that it produced

"millions of lines of data" (Resp. at 3, 6), while failing to provide *any* data on a key issue; claimed that it has made dozens of productions (Resp. at 3), when the vast majority contained less than 16 documents; and made specious arguments that simple words in a CID are "confusing" to justify its dilatory tactics (Resp. at 3, 7).

      For the foregoing reasons, the Bureau respectfully requests the Court grant its motion for leave to file a Reply brief and supporting declaration, by November 4, 2022.

Dated: October 27, 2022          Respectfully submitted,

/s/ Sarah Baldwin
Sarah Baldwin
Joyce Chen
*Enforcement Attorneys*

*Attorneys for Petitioner*
*Consumer Financial Protection Bureau*