# Appendix

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 21-mc-19 (SRN/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| Educational Credit Management Corporation (ECMC), | |
| Respondent. | |

## INTRODUCTION

While investigating student-loan collection agencies, Petitioner Consumer Financial Protection Bureau (Bureau) issued two Civil Investigative Demands (CIDs) to Respondent Educational Credit Management Corporation (ECMC). Pet. 3-7, Dkt. No. 1. The Bureau brought this action to enforce the CIDs alleging ECMC failed to comply by improperly withholding responsive emails. *Id.* at 2. ECMC argues it was in the process of complying with the CIDs when the Bureau filed its petition, and moves to exclude the Bureau's reply exhibits or for leave to file supplemental exhibits. Resp. Mem. 7-12, Dkt. No. 10; Mot. Exclude, Dkt. No. 21. Because ECMC has failed to establish that enforcing the CIDs would be an abuse of the Court's process, the Bureau's petition is granted in part and denied in part. ECMC's motion is denied as moot.

## FACTS

ECMC is a nonprofit corporation that acts as a guaranty agency for student loans. Resp. Mem. 4-5; Decl. Peltz ¶ 9, Mar. 4, 2021, Dkt. No. 2. In this role it collects defaulted student loans. *Id.* The Bureau is currently investigating the process by which guaranty agencies such as ECMC assess collection costs to defaulted borrowers. Pet. 3-4. As part

of this investigation, the Bureau issued two CIDs to ECMC. Decl. Peltz ¶ 4, Exs. A, B. The CIDs sought information about the 60-to-65-day period after an account default, requiring, among other things, production of documents related to "Pre-65"[1] accounts. *Id.* The requests specifically include "email and meeting requests—including sent, received, cc, or bcc—and any attachments." Decl. Peltz, Exs. A, B. The CIDs directed ECMC to execute a declaration certifying it had fully complied with the CIDs. *Id.* The CID response deadlines were in October 2020. *Id.*

Prior to the deadlines, ECMC met with the Bureau and requested an extension of time to respond. Decl. Peltz ¶ 7. The Bureau modified the deadlines, requiring ECMC to produce documents responsive to the first CID by October 23, 2020 and documents responsive to the second CID by November 13, 2020. *Id.* ECMC produced documents on several dates before and after both deadlines. Decl. Cass ¶ 4, Dkt. No. 11. In February 2021, the Bureau asked ECMC to confirm it would be making a complete production of emails. Decl. Peltz ¶ 8. ECMC stated it planned to make a comprehensive and materially complete email production the next week. *Id.* The following week ECMC produced documents. Decl. Cass ¶ 4. It did not submit a declaration certifying compliance. Hrg., Sept. 10, 2021.

The next month, the Bureau filed this action alleging that ECMC did not fully comply with the CIDs. Dkt. No. 1. The Court issued an Order to Show Cause why an Order to enforce the CIDs should not be granted. Order, June 16, 2021, Dkt. No. 5. ECMC responded and the Bureau replied. Dkt. Nos. 10, 18. ECMC moves to exclude exhibits

---

[1] "Pre-65" is defined as "within the 65-day period after the guarantor's date of default—including within the 60-day period after the guaranty agency sends the Initial Default Notice." Decl. Peltz, Exs. A, B.

2

attached to the Bureau's reply brief or to obtain leave to file supplemental exhibits. Dkt. No. 21.

## ANALYSIS

I. **Petition to Enforce Civil Investigative Demands**

A. **Enforcement**

The Bureau implements and enforces "financial consumer protection laws to ensure that . . . markets for consumer financial products and services are fair, transparent, and competitive." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. ____, ____, 140 S. Ct. 2183, 2193 (2020) (quotation and alteration omitted). To enforce the consumer financial protection laws, the Bureau has authority to conduct investigations and to issue CIDs to "persons who may have information relevant to a violation of one of the laws enforced" by the Bureau. *Id.* (quotation omitted). A CID may require the recipient to produce any combination of documents, tangible things, written reports, and oral testimony. 12 U.S.C. § 5562(c)(2). The production of documents "shall be made under a sworn certificate" stating that all the material required by the CID has been produced. § 5562(c)(10). If a CID recipient does not comply in whole or in part with the CID, the Bureau may file a petition in federal court to enforce it. § 5562(e)(1); 12 C.F.R. § 1080.10(a), (b)(1).

The Bureau contends that it obtained documents from third parties that demonstrate ECMC has withheld responsive emails and therefore argues that ECMC has failed to fully comply with the CIDs. Pet. 7-9. The Bureau also asserts that ECMC's failure to execute a compliance certificate is evidence ECMC likely possesses responsive documents. Reply 8, Dkt. No. 18; Hrg., Sept. 10, 2021. In response, ECMC argues the Bureau's petition is "not properly before this Court" because it has not failed or refused to

3

comply with the CIDs.² Resp. Mem. 2-3, 12. ECMC asserts it was in the process of complying with the CIDs when the Bureau filed its petition. *Id.*

If ECMC has not produced all responsive documents by the CIDs deadlines, it has failed to fully comply with the CIDs. Decl. Peltz ¶ 5, Exs. A, B. If ECMC failed to fully comply, the Bureau's petition is properly before this Court. § 5562(e)(1), (h); § 1080.10(a), (b)(1). The Bureau has provided documents to the Court that it contends evidence ECMC's non-compliance. Dkt. No. 20. The Court has reviewed the documents *in camera*. The documents include emails of ECMC's communications related to defaulted accounts and to the 60-to-65-day period. ECMC has not represented to this Court that it has produced all responsive documents it possesses but instead contends that it was in the process of complying. At the hearing, ECMC conceded that it has not submitted an executed declaration certifying its compliance. Hrg., Sept. 10, 2021. Based on the *in camera* inspection and ECMC's representations, the Court finds there is sufficient evidence for the Bureau to reasonably infer that ECMC may possess responsive documents. *See* § 5562(c)(10). Therefore, this Court finds that the Bureau's petition is properly before it.

Actions before the Court involving CIDs are subject to limited judicial review. *EEOC v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 986 (D. Minn. 2010); *Seila Law*, 591 U.S. at ____, 140 S. Ct. at 2193. A district court may enforce a CID if it is "(1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir. 2012)

---

² ECMC, however, does not challenge the *jurisdiction* of this Court to decide the petition. Hrg., Sept. 10, 2021.

4

(quotation omitted). The Bureau has made a prima facie showing that those requirements are met. Order, June 16, 2021. ECMC has not presented argument or evidence to the contrary. Resp. Mem.

The Court finds the CIDs were issued pursuant to lawful authority because § 5562(c)(1) allows the Bureau to issue CIDs when it has reason to believe a recipient may have information relevant to a violation of consumer financial protection laws. Based on the *in camera* inspection, the Court finds the Bureau has reason to believe ECMC may possess such information that has not been produced. The CIDs were also issued for a lawful purpose because the Bureau may lawfully conduct investigations related to enforcement of consumer financial protection laws. *Seila Law*, 591 U.S. at ____, 140 S. Ct. at 2193. The CIDs request information relevant to a lawful purpose because they seek information related to collection costs assessed to certain accounts to determine if guaranty agencies are engaging in deceptive collection practices in violation of consumer financial protection laws. Decl. Peltz ¶ 4, Exs. A, B. The CIDs are not seeking unreasonable information because they seek email exchanges that occurred as part of ECMC's business operations as a guaranty agency. *Id.*

Because the requirements to enforce the CIDs are met, this Court will enforce them unless ECMC demonstrates that such enforcement would be an abuse of the Court's process. *Whispering Oaks*, 673 F.3d at 817. Abuse of the Court's process occurs when a CID is "issued for an improper purpose, such as to harass the respondent or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.* at 819 (quotation and alteration omitted). ECMC does not argue, much less present evidence, that the CIDs were issued for an

5

improper purpose or for a purpose reflecting on the good faith of the Bureau's investigation into student-loan debt collecting. *See* Resp. Mem.

Instead, ECMC argues the Bureau was required to meet and confer with ECMC about production deficiencies and failed to do so before filing its petition. *Id.* at 13-15. ECMC contends that Federal Rules of Civil Procedure 37 and Local Rule 7.1 require the Bureau to meet and confer before bringing a petition to enforce. Resp. Mem 14. The parties disagree on the other's cooperation and efforts to resolve the production issue. The Court assumes for purposes of this analysis that the parties did not satisfy the meet and confer requirements under Rule 37 and Local Rule 7.1. Rule 37 governs discovery disputes and requires a party seeking to compel disclosure or discovery to confer or attempt to confer with the nonmoving party before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). Local Rule 7.1 requires a party to meet and confer with the opposing party before "filing a motion."

The plain language of the rules indicates they govern motions and neither rule references enforcement petitions. The Court is aware of no precedent requiring an agency to satisfy Rule 37 or Local Rule 7.1 before filing a petition to enforce a CID and ECMC has cited none. Nor has it cited any other authority requiring the Bureau to meet and confer with a CID recipient to discuss production deficiencies prior to filing a petition to enforce. *See* Resp. Mem. Because ECMC has failed to show the Bureau was required to meet and confer with it prior to filing the petition, the petition to enforce will be granted.

This is not to say the Bureau could or should not have met with ECMC. Parties and their attorneys are always encouraged to communicate with each other in good faith to resolve their disputes without judicial intervention. It is unfortunate the parties and

6

attorneys in this case failed to fully do so. Notwithstanding that failure, however, the petition will be granted.

ECMC also argues the petition should be denied because the Bureau violated its own rules by publicly disclosing its investigation. "Bureau investigations generally are nonpublic" but the Bureau "may disclose the existence of an investigation to . . . third parties to the extent necessary to advance the investigation." 12 C.F.R. § 1080.14(b). The Bureau may also "disclose confidential investigative information [in a] court proceeding" to which the Bureau is a party. 12 C.F.R. §§ 1070.45(a)(4).

ECMC argues that the Bureau's public disclosure has not furthered the investigation and that "the mere fact of this disclosure has unfairly impacted ECMC and its reputation" by improperly suggesting ECMC has violated the law. Resp. Mem. 15-18 (citing § 1080.14(b)).[3] In support of this argument ECMC relies on two decisions in which organizations being investigated moved to seal their respective cases. *Id.* at 15-16 (citing *John Doe Company No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 12 (D. D.C. 2016); *In re Sealed Case*, 237 F.3d 657, 662 (D.C. Cir. 2001)). ECMC has not sought to seal this case or use pseudonyms in its filings. The decisions on which ECMC relies are inapposite.

In *John Doe*, the organization under investigation filed a petition to enjoin the Bureau from interviewing its former attorney. 195 F. Supp. 3d at 12. It moved to seal the case, arguing public disclosure of the investigation would cause it reputational and economic harm. *Id.* The court concluded that the Bureau would not have publicly

---

[3] This Court disregards ECMC's brief to the extent it makes substantive arguments about the underlying charge because the underlying merits of the case are not before this Court. *Schwan's Home Serv.*, 707 F. Supp. at 991 (stating the merits of an underlying action or investigation are not at issue in a petition to enforce CIDs).

7

disclosed the investigation if the organization had not filed its petition and that pseudonymous treatment of the organization was appropriate based on privacy considerations. *Id.* However, it reasoned that the case was not one in which the Bureau "exercised its administrative discretion to disclose the identities of the subjects of its investigation." *Id.* at 13. It also stated that the Bureau "would not violate its 'affirmative disclosure' regulation by identifying the target of an investigation in [a] court filing.'" *Id.* at 20 (citing § 1070.45(a)(4)). Here, unlike *John Doe*, the Bureau has exercised its administrative discretion to file its petition identifying ECMC as a target of an investigation. Pet.

In *Sealed Case*, the court construed a statute governing the Federal Election Commission to "unambiguous[ly] and directly" bar disclosure of an ongoing investigation. 237 F.3d at 667. Here, there is no statute or rule that unambiguously and directly bars the Bureau's disclosure of ongoing investigations. To the contrary, the Bureau is expressly permitted to disclose confidential information in a court proceeding to which it is a party or to the extent necessary to advance an investigation. §§ 1070.45(a)(4), 1080.14(b). Because the Bureau is a party in this action and exercised its administrative discretion to publicly disclose ECMC's identity, ECMC has not established the Bureau violated its own rules.

Absent a showing that enforcing the CIDs would abuse the Court's process, this Court will enforce the Bureau's CIDs. *Whispering Oaks*, 673 F.3d at 817. ECMC has not established that the CIDs were issued for an improper purpose or for any other purpose reflecting on the good faith of the investigation. Thus, the Bureau's petition to enforce is granted.

**B.     Costs**

The Bureau asks this Court to award it costs incurred in maintaining this action. Pet. 16. ECMC also asks this Court to award it costs and fees. Resp. Mem. 18. Neither party has cited authority allowing this Court to award costs or fees, nor argued, much less demonstrated, why such an award is appropriate. The Court finds no cause to impose sanctions on either party. *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir. 2020). Therefore, both parties' requests are denied.

**II.     Motion to Exclude Exhibits or to File Supplemental Exhibits**

ECMC argues that the exhibits the Bureau attached with its reply brief are inadmissible hearsay and incomplete. Mot. Exclude Mem., Dkt. No. 23. The Court did not rely on the challenged exhibits in considering the Bureau's petition. *See Stewart v. Pro. Comput. Ctrs. Inc.*, 148 F.3d 937, 940 n.3 (8th Cir. 1998) (concluding issue was moot where Court did not rely on challenged documents and sections of brief in considering merits). Thus, ECMC's motion to exclude exhibits or to file supplemental exhibits is denied as moot.

**ORDER**

For these reasons, **IT IS HEREBY ORDERED**:

1.     Consumer Financial Protection Bureau's Petition to Enforce Civil Investigative Demands [Dkt. No. 1] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.     The Bureau's motion to enforce the CIDs is **GRANTED**. ECMC shall fully comply with the September 9 and 30, 2020 CIDs within 14 days of this Order.

9

  b. The parties shall meet and confer within 7 days of this Order to discuss the appropriate document and email search methods.

  c. ECMC shall submit the signed certification of compliance provided with the CIDs to the Bureau within 3 days of its production of documents pursuant to this Order.

  d. The Bureau's motion for costs incurred in maintaining this action is **DENIED**.

2. Educational Credit Management Corporation's Motion to Exclude Inadmissible and Incomplete Exhibits to Petitioner's Reply Declaration or, in the Alternative, for Leave to File Supplemental Exhibits [Dkt. No. 21] is **DENIED AS MOOT**.

Dated: October 28, 2021         s/David T. Schultz  
                     DAVID T. SCHULTZ  
                     U.S. Magistrate Judge