ALLYSON BAKER (*admitted pro hac vice*)
allysonbaker@paulhastings.com
MEREDITH BOYLAN (*admitted pro hac vice*)
meredithboylan@paulhastings.com
MICHAEL MARUSAK (*pro hac vice application forthcoming*)
michaelmarusak@paulhastings.com
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

SEAN D. UNGER (SB# 231694)
seanunger@paulhastings.com
ABIGAIL H. WALD (SB# 309110)
abigailwald@paulhastings.com
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

*Attorneys for Respondent Block, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>BLOCK, INC.,<br><br>　　　　　　Respondent. | CASE NO. 3:22-mc-80214-SK<br><br>**RESPONDENT BLOCK, INC.'S OBJECTIONS TO REPLY EVIDENCE AND ITS ADMINISTRATIVE MOTION SEEKING LEAVE TO FILE A SUR-REPLY BRIEF** |

Pursuant to Local Rule 7-3(d)(1), Respondent Block, Inc. ("Block") objects to new evidence introduced by the Consumer Financial Protection Bureau ("CFPB" or "Bureau") in its Reply Brief (Dkt. No. 24) and requests that the Court decline to consider the new evidence in resolving the Bureau's Petition (Dkt. No. 1). Alternatively, pursuant to Local Rule 7-11, Block seeks leave to file a five-page sur-reply brief and a supporting declaration to address the Bureau's new evidence. The Bureau has used its reply submission to introduce new evidence that serves no purpose other than to continue to cloud the record. Accordingly, Block respectfully asks the Court to grant the relief sought herein.

Pursuant to Local Rule 7-11(a), counsel for Block notified counsel for the CFPB of its intent to file these objections and this motion, and sought the CFPB's consent. Counsel for the CFPB declined to consent. *See* Declaration of M. Boylan, attached hereto as Exh. A.

**A. The Court should decline to consider the new evidence introduced in the Bureau's reply brief.**

As the Bureau did not meet and confer with Block regarding the new assertions and evidence in its reply brief, the better course here would be to exclude it from consideration. Alternatively, Block requests leave to file a short sur-reply, limited to addressing the new information provided in the Bureau's reply.

"[C]ourts typically do not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it." *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017). *See also B. v. Morgan Hill Unified Sch. Dist.,* No. 21-CV-06611-VKD, 2022 WL 4371003, at *5 (N.D. Cal. Sept. 21, 2022) ("Plaintiffs' belated request to substitute another set of billing records in place of the records on which they initially relied for their motion is unfair … and an improper submission of new evidence in connection with their reply"); *Ali v. Tata Consultancy Servs. Ltd.*, No. 22-CV-02371-BLF, 2022 WL 4230435, at *1 (N.D. Cal. Aug.

26, 2022) ("the Court takes up [the] objection to new evidence submitted" on reply and "declines to consider these exhibits on the ground that [the opposing party] did not have an opportunity to address them"); *NOSSK, Inc. v. Fitness Anywhere LLC*, No. 21-CV-08914-BLF, 2022 WL 1093662, n.2 at *8 (N.D. Cal. Apr. 12, 2022) ("Since this constitutes new evidence introduced for the first time on reply that TRX did not have an opportunity to respond to, the Court declines to consider these exhibits in support of NOSSK's motion for preliminary injunction.").

Block objects to the new evidence that the Bureau has introduced through the declaration filed with its reply brief. Block respectfully requests that the Court decline to consider the following information in the declaration, along with the corresponding references in the reply brief (e.g., Introduction (p. 1:1-14) and Section II (pp. 8:1-11:15)):

- **Paragraph Nos. 12, 18, 21, 22, 23, 24, 25, 31, 33, 34, 35, 36, 38, 39, Exhibits B & C**: The bulk of the Bureau's reply submission involves the Bureau's challenges to the sufficiency of the 150,000 email communications produced by Block, as well as the sufficiency of Block's August 2022 interrogatory and document request responses. The Bureau has not addressed any of these purported deficiencies with Block in a meet and confer or other communication – including the Bureau's contention that the documents Block produced are only "marginally responsive"[1] to the Bureau's CIDs. Nor has the Bureau advised whether it would prefer that Block withdraw its productions in light of that contention and, going forward, interpret responsiveness more narrowly. (On September 13, the Bureau sought confirmation from Block regarding forthcoming productions of documents and data (*see* Chen 11/4 Decl. Ex. A), but that email did not include the assertions that the Bureau is making on reply.) The Bureau should not

---

[1] In its reply, the Bureau introduced the term "marginally responsive," which does not accurately characterize Block's responses. Block has produced, and is continuing to produce, information that is responsive to the Bureau's overly broad requests.

Case No. 3:22-mc-80214-SK — - 3 - — BLOCK, INC.'S OBJECTIONS TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION SEEKING LEAVE TO FILE A SUR-REPLY BRIEF

be permitted to wait two months and then raise such challenges for the first time in a reply submission.

- **Paragraph No. 19**: The Bureau alleges that data Block produced is insufficient. However, the Bureau possessed this information long before it filed its Petition, and the CID Requests to which this data is responsive are not before the Court.

- **Paragraph No. 20:** The Bureau alleges that Block sought clarification of "simple" terms. These conversations occurred after the Bureau filed its Petition, and occurred in the context of discussions unrelated to the CID Requests that are before the Court.

Because the Bureau's declaration is rife with allegations that it has not previously raised, as well as with information that it knew before it filed its Petition, it would be reasonable for the Court to strike the entire declaration. At a minimum, however, the Court should decline to consider the paragraphs and related exhibits identified above.

**B. Alternatively, the Court should allow Block to address the new matters raised in the Bureau's Reply brief.**

Courts regularly permit parties to file sur-reply briefs where new evidence and arguments have been asserted in a reply brief. *See, e.g., Dutta v. State Farm Mut. Auto. Ins. Co.,* 895 F.3d 1166, 1172 (9th Cir. 2018) ("mitigation" of unfairness caused by new evidence on reply "may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply … the district court should not consider the new evidence without giving the non-movant an opportunity to respond.") (internal alterations and citations omitted); *In re Uber Text Messaging,* No. 18-CV-02931, 2019 WL 666725, at *1 (N.D. Cal. Feb. 13, 2019) (granting motion to file sur-reply and noting "the unfairness inherent in being unable to respond to new factual material may be mitigated by granting the objecting party leave to file a sur-reply opposition to the new matter.") (internal quotation and citation omitted); *Banga v. Experian Info. Solutions, Inc.*, C 09 04867 SBA, 2013 WL 5539690, at *3 (N.D. Cal. Sept. 30, 2013) ("If a party raises a new argument or presents

new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.").[2]

Accordingly, if the Court is inclined to consider the Bureau's reply submission of evidence, Block requests that it be allowed to respond to the Bureau's new evidence and arguments regarding Block's compliance with the CIDs.[3]  Block therefore respectfully requests permission to file a five-page sur-reply and a supporting declaration by November 11, 2022.

DATED:  November 7, 2022

PAUL HASTINGS LLP

By: s/ Meredith Boylan
Sean D. Unger (SB# 231694)
Abigail H. Wald (SB# 309110)
seanunger@paulhastings.com
abigailwald@paulhastings.com
101 California Street, Forty-Eighth Floor
San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Allyson Baker (*admitted pro hac vice*)
Meredith Boylan (*admitted pro hac vice*)
Michael Marusak (*pro hac vice application forthcoming*)
allysonbaker@paulhastings.com
meredithboylan@paulhastings.com
michaelmarusak@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

Attorneys for Respondent
Block, Inc.

---

[2] Even where evidence submitted on reply purports to be "responding to points made in [an] opposition, rather than offering new evidence," a sur-reply is appropriate "given that new evidence presented in reply should not be considered without giving the non-movant an opportunity to respond." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1352859, n.2 at *1 (N.D. Cal. Apr. 12, 2017) (internal quotation and citation omitted).

[3] For example, the Bureau asserts that Block's response to Interrogatory No. 24 is deficient because it does not include data "for the majority of the year 2016 as to the Cash Card" (Chen Dec. ¶21), but the Cash Card was not released until September 2016. *See* Square, Inc. Q2 2017 Shareholder Letter at 3 (Aug. 2, 2017) ("Since the rollout of our virtual Cash Card in September 2016…"), www.sec.gov/Archives/edgar/data/1512673/000119312517245789/d435412dex991.htm