JOYCE CHEN (NY Reg #4717245)
Tel.: (202) 702-4266 / Email: joyce.chen@cfpb.gov
SARAH BALDWIN (NY Reg #5414248)
Tel.: (202) 480-6912 / Email: sarah.baldwin@cfpb.gov
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Petitioner*
*Consumer Financial Protection Bureau*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Petitioner,<br><br>v.<br><br>BLOCK, INC.,<br><br>Respondent. | Case No.   22-mc-80214-SK<br><br>**PETITIONER'S OPPOSITION TO RESPONDENT'S OBJECTIONS AND MOTION FOR LEAVE TO FILE A SUR-REPLY** |

Petitioner Consumer Financial Protection Bureau (Bureau) respectfully requests that the Court overrule Respondent Block's Local Rule 7-3(d) objections and deny its Local Rule 7-11 motion seeking leave to file a sur-reply brief and supporting declaration. Block's motion to essentially strike all the evidence provided in conjunction with the Bureau's reply brief is improper because such evidence was not "new"; it was provided to refute Block's assertions of substantial compliance in opposition to the Bureau's Petition, which were demonstrably untrue because, among other things, Block is withholding highly relevant documents. Thus Block's misleading claims and failure to produce key and responsive materials necessitated the Bureau's reply.[1] To the extent that the Bureau's reply addressed events that occurred

---

[1] The evidence also highlights how Block has made productions post-Petition to give the appearance of compliance to the Court. If such evidence is indeed responsive to the Requests, as Block claims it is, there

1

post-Petition, it did so because Block decided to make its large but inadequate production only *after* the Petition was filed, and because Block itself referenced that production and mischaracterized it. The Bureau's reply and supporting evidence merely addressed Block's representations and updated the Court on the status of the Requests at issue.

**I.      The Declaration of Joyce Chen is appropriate reply evidence because it refutes Block's meritless claim of "substantial compliance."**

The Bureau's reply brief (Reply) provided evidence in the Declaration of Joyce Chen (Chen Declaration) rebutting Block's claim it has "substantially complied" with the CIDs. *See* Chen. Rep. Decl. (ECF No. 24); *see also* Opp. Br. 1, 11 – 12 (ECF No. 12). Local Rule 7-3(c) permits a party to attach a declaration or affidavit to a reply, so it was appropriate for the Bureau to append the declaration. The Chen Declaration provided additional details of the parties' course of dealing and Block's lack of compliance with the CIDs, and provided information about Block's post-Petition productions, productions that Block should have made long ago. Block itself put this information at issue when it claimed to have substantially complied, and referenced its post-Petition productions.[2] Block nonetheless objects to the Chen Declaration attached to the Bureau's Reply as new allegations (Block's Objection (Obj. Br.)). Obj. Br. 4 (ECF No. 25.)

But evidence is not "new" if it is submitted in direct response to proof adduced in opposition to a motion. *See Terrell v. Contra Costa Cty.*, 232 F. App'x 626, 628–29 & n.2 (9th Cir. 2007) (evidence responding to recitation of facts in opposition is not "new" where it simply "provides the full context to [the other party's] selected recitation of the facts," and therefore may be considered on reply); *Apple Inc. v. Samsung Elecs. Co.*, 877 F. Supp. 2d 838, 857 (N.D. Cal. 2012) (overruling objection to expert declaration submitted with reply

---

should be no reason to strike it. But, even without such evidence, the Bureau is entitled to judicial enforcement of the CIDs. The Bureau has established the three elements of CID enforcement, and Block has not met its burden, nor can it, to "prove[] the inquiry is unreasonable because it is overbroad or unduly burdensome." *FDIC v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997).

[2] Contrary to Block's position, the Bureau did not know, and could not have known, that Block would rely on a post-Petition production to oppose the Petition.

2

brief because it was "appropriately responsive to arguments and evidence raised by [the opposing party] in its opposition papers[ ]"), *rev'd on other grounds*, 695 F.3d 1370 (Fed. Cir. 2012); *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 591-92 (N.D. Cal. 2018) (the court may consider reply "evidence [] offered in direct response to [a] brief in opposition to the instant motion") (citation omitted). Thus the evidence provided in the Chen Declaration cannot be deemed "new."

Block makes the odd claim that the Court should decline to consider the evidence provided in connection with the Bureau's Reply (Paragraph nos. 12, 18, 21, 22, 23, 24, 25, 31, 33, 34, 35, 36, 38, 39, Exhibits B & C, of the Chen Declaration) because the Bureau did not meet and confer with Block first. Obj. Br. 2 (ECF No. 25). But it is unclear how not meeting and conferring justifies striking evidence or the filing of a sur-reply. Indeed, the very futility of meet and confers with Block has led the Bureau to the courthouse steps to file the Petition at issue here. Chen Pet. Decl. ¶¶ 4 - 27 (ECF No. 2). Block also contends that the Court should decline to consider paragraph nos. 19 and 20 of the Chen Declaration because those paragraphs involve detail relating to Requests not before this Court. Obj. Br. 2 – 3 (ECF No. 25). But paragraph no. 19 directly responds to an issue Block raised in its Response – specifically, its claim of substantial compliance based on the "millions of lines" of data it has produced. Opp. Br. 4, n. 2 (ECF No. 12). And paragraph no. 20 simply provides additional detail about the futility of meet and confers past to contextualize Block's claim of "confusion" in its Response. Obj. Br. 2 – 3 (ECF No. 25).

The Petition included evidence to support the Bureau's claims of Block's repeated non-compliance with the Requests. Chen Pet. Decl. ¶¶ 9 19, Exs. B, D – F (ECF No. 2). The only thing different about the Reply evidence from the evidence submitted in connection with the Petition is that most of the Block productions referred to in the Reply occurred post-Petition. But this is only the case because Block chose to delay virtually any production of documents in response to the 2021 CID until after the Bureau filed its Petition. And Block itself made mention of these post-Petition productions. Opp. Br. 1 - 2, Baker Decl. ¶¶ 22, 27,

28, 30-31. (ECF. No. 12). *See Edgen Murray Corp. v. Vortex Marine Constr., Inc.*, No. 18-CV-01444-EDL, 2018 WL 4203801, at *3 (N.D. Cal. June 27, 2018) (declining to strike reply declaration because the new evidence in the declaration was "filed to respond to Plaintiff's opposition and is consistent with the evidence and arguments presented in the original motion"); *see also Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018). The story of non-compliance is consistent with the information the Bureau provided in the Petition filing, and the additional information was necessary to rebut Block's mischaracterizations of its actions. Thus, none of the Chen Declaration should be stricken.

## II. Block has not demonstrated good cause for it to be granted leave to file a sur-reply, so its request should be denied.

Block also seeks to file a sur-reply if the Chen Declaration is not stricken. But this is also unwarranted. A sur-reply is not permitted as matter of course, and a party seeking to file one must demonstrate that "good cause" exists for permitting a sur-reply. *Largan Precision Co. v. Motorola Mobility LLC.*, No. 21-CV-09138-JSW, 2022 WL 2954935, at *5 (N.D. Cal. July 26, 2022); *In re Toys R Us, Inc. Privacy Litig.*, 2001 WL 34517252, at *1 n.1 (N.D. Cal. Oct. 9, 2001). "Courts [] thoroughly disfavor requests to file sur-replies," because they are often "merely an attempt to have the last word on [an] issue." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018); *see also Garrison v. Ne. Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336 1339-40 (N.D. Ga. 1999) ("To allow... surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs"). Block fails to demonstrate good cause because Block decided to produce only *after* the Petition was filed, and then withheld highly relevant documents from that production. To permit a party to file a sur-reply to explain late and incomplete productions would encourage endless briefing disfavored by courts. *See id*.

As discussed above, the Bureau's Reply does not raise "new" arguments or evidence, and Block does not articulate any other reason warranting the opportunity to sur-reply. *Cf. In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 666725, at *1 (N.D. Cal. Feb.

13, 2019) (where the court permitted sur-reply in response to reply by party withholding evidence). A court need not provide a movant an opportunity to respond where the evidence relates to an issue brought up in a party's opposition. *See, e.g., Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying a request to file a sur-reply because there were no new arguments or evidence raised in the reply). Therefore, Block should not be granted leave to file a sur-reply, which would only serve as a "last word" to which it is not entitled, not benefit the Court in deciding the Petition, and result in further delay.

## Conclusion

Accordingly, the Bureau respectfully requests the Court deny Block's request to strike any of the highly relevant evidence provided in the Chen Declaration, which directly responds to Block's claims of compliance in its Opposition, and deny Block a sur-reply, for which there is no good cause and which would only provide Block another opportunity to delay and obfuscate its compliance with the CIDs.

Dated: November 9, 2022

Respectfully submitted,

/s/ *Sarah Baldwin*
Sarah Baldwin
Joyce Chen
*Enforcement Attorneys*

*Attorneys for Petitioner*
*Consumer Financial Protection Bureau*