UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>    Plaintiff,<br><br>    v.<br><br>BLOCK, INC.,<br><br>    Defendant. | Case No. 22-mc-80214-SK<br><br>**ORDER GRANTING PETITION TO ENFORCE CIVIL INVESTIGATION DEMANDS**<br><br>Regarding Docket No. 1 |

Before the Court is the Petition to Enforce Civil Investigative Demand filed on August 18, 2022 by the Consumer Financial Protection Bureau's ("CFPB" or "Petitioner"). (Dkt. No. 1.) Respondent Block, Inc. ("Respondent") submitted an Opposition on October 21, 2022, and Petitioner filed a Reply on November 4, 2022. (Dkt. Nos. 12, 24.) After carefully reviewing the papers, the Court hereby GRANTS the Petition, for the reasons stated herein.

**BACKGROUND**

In 2020, the CFPB began an investigation into Cash App, a program developed by Respondent, for possible violations of 12 U.S.C. §§ 5531, 5536 and the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.* (Dkt. No. 1 at 2.) Pursuant to this investigation, on August 4, 2020, the CFPB issued a Civil Investigative Demand to Respondent (the "2020 Investigative Demand"). (Dkt. Nos. 1 at 2, 21 at 6.) Following this, the CFPB issued a second Investigative Demand to Respondent on August 6, 2021 (the "2021 Investigative Demand"). Both Investigative Demands included a notification of purpose, indicating:

> The purpose of this investigation is to determine whether financial technology companies or associated persons, in connection with deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds, or selling, providing, or issuing stored value or payment instruments, or providing payments or other financial data processing products or services, have: (1) deprived consumers of access to their funds or failed to adequately address customer concerns regarding fraud and errors in a manner that

1
2
3
4

        is unfair in violation of Sections 1031 and 1036 of the Consumer Financial Protection Act, 12 U.S.C. §§ 5531, 5536; or (2) failed to follow the requirement applicable to resolving errors and liability of consumers for unauthorized transfers in a manner that violates Regulation E, 12 C.F.R. Part 1005, Subpart A, implementing the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., principally 12 C.F.R. §§ 1005.11 and 1005.6, or 12 C.F.R. §§ 1005.18(d) and 1005.18(e).

5 (Dkt. No. 1 at 2-3.)

6         On August 25, 2020, Respondent submitted a letter to Petitioner in which Respondent

7 sought a modification of the 2020 Investigative Demand, based on burden.  (Dkt. No. 1 at 3.)

8 Petitioner granted this request and extended time to respond for two document requests.

9 Respondent never filed a petition to modify or set aside the 2020 Investigative Demand pursuant

10 to 12 U.S.C. § 5562(f); 12 C.F.R. § 1080.6(e).  (*Id.*)

11         On September 2, 2021, Respondent submitted a letter to Petitioner and again sought

12 modification of the 2021 Investigative Demand; Respondent requested an extension of time to

13 respond to all but one request.  (*Id.* at 3.)  In response, Petitioner met with Respondent's counsel

14 and issued three modifications to the 2021 Investigative Demand – on September 16, 2021,

15 October 22, 2021, and December 16. 2021.  (*Id.* at 4.)  The final date to respond to the 2021

16 Investigative Demand requests at issue in this matter was extended to December 5, 2021.  (*Id.*)

17 Respondent never filed a petition to modify or set aside the 2021 Investigative Demand pursuant

18 to 12 U.S.C. § 5562(f); 12 C.F.R. § 1080.6(e).  (*Id.*)

19         Petitioner claims that, as of August 18, 2022, Respondent has failed to produce any

20 information in response to Interrogatory Nos. 24, 25, 27, and 29 and Document Request Nos. 5, 6,

21 13, 14, 15, and 18. (*Id.* at 4.)  Further, Petitioner states that Respondent has supplied late, non-

22 responsive, incomplete or deficient answers to other requests and has failed to provide required

23 certificates of complies for either the 2020 or 2021 Investigative Demand.  (*Id.* at 4-5).

24         Respondent argues that it has worked in good faith to respond to the Investigative Demand

25 Requests, that it has in fact responded either substantially or completely to Interrogatory Nos. 24,

26 25, 27, and 29 and Document Request Nos. 5, 6, 13, 14, and 18, and that it could not respond to

27 Document Request No. 15.  (Dkt. No. 12 at 1-2.)  In its reply, Petitioner states that each of these

28 responses is incomplete or deficient.  (Dkt. No. 24 at 9-10.)

United States District Court
Northern District of California

**DISCUSSION**

**A.      Legal Standard**

The Ninth Circuit has held that the "scope of the judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow." *E.E.O.C. v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) (quoting *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir.2001)).  "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id.*  As long as the agency is able to satisfy these narrow requirements, "the court must enforce the subpoena unless the objecting party shows that the subpoena is overbroad or that compliance would be unduly burdensome." *EEOC v. McLane Co.*, 804 F.3d 1051, 1056 (9th Cir. 2015), vacated on other grounds, 581 U.S. 72 (2017). "District courts in this Circuit have adopted the rule of the Fourth and D.C. Circuits, which define 'unduly burdensome' as a demand that threatens to unduly disrupt or seriously hinder normal operations of a business." *Consumer Fin. Protec. Bureau v. Great Plains Lending, LLC*, CV-14-2090-MWF-(PLAx), 2014 WL 12685941, at *17 (C.D. Cal. May 27, 2014), aff'd, 846 F.3d 1049 (9th Cir. 2017).

In analyzing whether Congress has granted the authority to investigate, the District Court has a "strictly limited role" and should enforce the subpoena unless jurisdiction is "plainly lacking." (*E.E.O.C.*, 558 F.3d at 848) (internal citations and quotations omitted.)  Further, "it is well-established that an administrative subpoena is to be enforced unless agency authority is plainly lacking." (*Id.* at 851.) Here, Congress has granted the CFPB to power to investigate in cases like these.  The CFPB was established and vested power by Congress to be the Federal government's primary regulator of consumer financial products and services through the Consumer Finance Protection Act of 2010 ("CFPA").  Under the CFPA, "whenever the Bureau has reason to believe that any person may be in possession, custody, or control of … any information, relevant to a violation, the Bureau may" demand the production of documents, testimony, reports, or other relevant evidence.  12 U.S.C. § 5562(c).  Based on the possible violations by Respondent, the CFPB has authority from Congress to conduct an investigation.

3

1      There is no dispute that Petitioner followed all applicable procedural requirements relating

2  to the issuance of the two Investigative Demands.

> Both the 2020 Investigative Demand and the 2021 Investigative Demand were issued by a Deputy Assistant Director of the Office of Enforcement, and included a Notification of Purpose advising Block of the nature of the conduct being investigated. The Investigative Demands were duly served. The 2020 Investigative Demand was served, as required by the CFPA, by certified mail. The 2021 Investigative Demand was served by sending it by email to Block's counsel, who was authorized to accept service of the Investigative Demand and acknowledged receipt.

8  Dkt. No. 1 at 8-9 (citations omitted.)  Respondent does not dispute any of these facts.

9      Finally, the requests are relevant and material to the investigation.  "Relevancy is determined in terms of the investigation rather than in terms of evidentiary relevance." *E.E.O.C.*, 558 F.3d at 854.  "The relevance requirement is not especially constraining, but is instead generously construed to afford the agency access to virtually any material that might cast light on the matter under investigation." *United States v. Exxon Mobil Corp.*, 943 F.3d 1283, 1287 (9th Cir. 2019) (citations and quotations omitted).  Here, under the CFPA, Petitioner is authorized to obtain "any information, relevant to a violation." 12 U.S.C. § 5562(c).  Petitioner provides detailed descriptions of each of the Requests in question and how they may help the investigation. (Dkt. No. 1 at 9-11.)

     Respondent does not directly argue that Petitioner's requests are irrelevant.  However, Respondent does cite cases where an agency's requests may amount to a "fishing expedition" rather than a relevant investigation.  The two cases Respondent cites do not have bearing on the current matter.  In *Walsh v. Katsilometes*, No. 20-36002, 2021 WL 4811376, at *1 (9th Cir. Oct. 15, 2021), Petitioner failed to state the "scope or purpose of its investigation.  In *Natl. Lab. Rel. Bd. v. Red Rock Resorts, Inc.*, 2:21-cv-01986-RFB-NJK, 2022 WL 2077979, at *1 (D. Nev. Feb. 28, 2022), Petitioner "[did] not include any discussion as to how any particular request relates to the matters being investigated."  Here, by comparison, Petitioner has described their investigation, each request, and its possible relevance to the investigation. As such, the requests are relevant and material to the investigation.

//

4

### B.      Undue Burden and Overbreadth

Respondent objects to the enforcement of the CFPB's Civil Investigative Demands for a number of reasons: 1) that Respondent has already responded to each of the Requests; 2) that Respondent has responded despite the Investigative Demands being burdensome and difficult to understand; 3) that Petitioners have mischaracterized the amount of documents Respondent provided; 4) that Respondent has been in constant contact with Petitioner and Petitioner was aware of the confusing nature of the Investigative Demand request; 5) that Petitioner's August 18, 2022 Petition to this Court failed to mention an August 1, 2022 letter sent by Respondent of its intention to substantially comply with all outstanding requests by August 31, 2022; and 6) that Petitioner never responded to the August 1, 2022 letter with guidance on responding to the Investigative Demands or acknowledgement of receipt. (Dkt. No. 12 at 2-5.)

Only one of these arguments directly addresses the standards used in analyzing whether an administrative subpoena should be enforced – whether the subpoena is unduly burdensome. Here, Respondent argues that the Investigative Demands are incredibly large and complex. (Dkt. No 12 at 11.) In support of this, Respondent states that these requests are at times so complex that Petitioner could not explain what it was requesting. (Dkt. 12-1 at ¶ 2.) Respondent argues that the 2021 Investigative Demand "functionally" has over 230 interrogatories when one accounts for subparts. (Dkt. No. 12 at 9 n. 9.) Respondent states that, by comparison the Federal Rules of Civil Procedure, which is not used for administrative enforcement such as the enforcement here, only allows "25 written interrogatories, including all discrete subparts." (*Id.*) Respondent further argues that it has supplied over 545,000 pages of documents in compliance and that it is still working to supply more. (*Id.* at 12.) In response, Petitioner raises in part that Respondent has failed to exhaust its administrative remedies because it never filed a petition to modify or set aside the Investigative Demands. (Dkt. No 24 at 3-4.)

Although Respondent has demonstrated that it has a burden in responding to these requests, it has not shown that this burden is "undue." Specifically, Respondent has not shown that responding to the ten remaining requests in full would "unduly disrupt or seriously hinder normal operations of [its] business." *Great Plains Lending, LLC*, 2014 WL 12685941, at *17.

Respondent pleads the exact opposite. Respondent states it is not asking "the Court to modify or quash the Investigative Demands" and that it intends to fully comply with the Investigative Demands. (Dkt. No. 21 at 3, No. 12 at 12.) The Court is confused why Respondent is opposed to enforcement of the Investigative Demands when it has directly stated that it will fully comply and when it has never filed any petition to modify or set aside the Investigative Demands. Since Respondent states that it plans to "work to comply" fully with the Investigative Demands, enforcing the Investigative Demands to which Respondent has already agreed to comply should create no undue burden. As such, there is no undue burden to Respondent.

## CONCLUSION

For the reasons stated, Petitioner's Petition to Enforce Investigative Demands is GRANTED. Respondent Block shall comply with the Investigative Demands by January 5, 2023.

**IT IS SO ORDERED**.

Dated: November 30, 2022

_____
SALLIE KIM
United States Magistrate Judge